UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

**United States of America,**       )
                                    )   No. **CR 09-2343-TUC-FRZ**
      Plaintiff,            )
                                    )
      vs.                   )       Tucson, Arizona
                                    )       September 14, 2011
**Carlos Calixtro-Bustamante,**     )
                                    )
      Defendant.            )
_____   )

BEFORE:  THE HONORABLE FRANK R. ZAPATA, JUDGE

TRANSCRIPT OF PROCEEDINGS

<u>SENTENCING</u>

**APPEARANCES:**
For the Plaintiff:
      U.S. Attorney's Office
      By:  **John Reynolds Evans**, Esq.
      405 West Congress Street, Suite 4800
      Tucson, Arizona 85701

For the Defendant:
      Jesus R. Romo Vejar
      By:  **Jesus R. Romo Vejar**, Esq.
      177 North Church Avenue, Suite 200
      Tucson, Arizona 85701


Transcriptionist:
Candy L. Potter
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 36
Phoenix, Arizona 85003-2151
(602) 322-7246

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Transcriptionist

1           THE CLERK:  CR 09-02343, USA versus Carlos Armando
2  Calixtro-Bustamante, on for sentencing.
3           Counsel, please state your appearance.
4           MR. EVANS:  John Evans, Assistant United States
5  Attorney for the Government, Your Honor.  Good morning.
6           THE COURT:  Good morning, Mr. Evans.
7           MR. ROMO:  And good morning, Your Honor, Jesus Romo on
8  behalf of Mr. Carlos Calixtro-Bustamante, who is present in
9  custody.
10          THE COURT:  Mr. Romo, would you and
11 Mr. Calixtro-Bustamante please come forward?
12          MR. ROMO:  Yes, Your Honor.
13          THE COURT:  This is the time set for sentencing in
14 this case.  Carlos Armando Calixtro-Bustamante was found guilty
15 after a jury trial of Count 1 of the Indictment charging him
16 with conspiracy to commit hostage taking.  He was also found
17 guilty of Count 2, which was charged as hostage taking.  And
18 also found guilty of Count 3, which was harboring an alien for
19 the purpose of commercial advantage or private financial gain.
20          The Court will enter judgment this morning based on
21 those jury's -- on the jury's findings.  There have been no
22 objections or motions regarding the jury's findings.  The Court
23 will enter judgment based on the jury verdicts.
24          And we will proceed to judgment and sentencing at this
25 time.

1    Mr. Romo, did you have the opportunity to review the
2  presentence report and the advisory guideline calculation with
3  Mr. Calixtro?
4    MR. ROMO:  Yes, I did, Your Honor.
5    THE COURT:  And you have filed no objections to any of
6  those matters.  I assume he has no objections or corrections to
7  those matters?
8    MR. ROMO:  Well, Your Honor, there is only one thing
9  that I would like to clarify with the Court.
10    I received a phone call from the probation department
11  regarding the Presentence Investigation Report.  And I was told
12  that, upon your rulings in the codefendant's case, they were
13  striking some of the -- some of the items, including any matter
14  related to accusations of rape of this young woman, Miss Luna.
15    And I see that in this pretrial there is a -- an
16  allegation as an aggravating factor.  I discussed it with the
17  probation gentleman, who is not the same person who called me.
18  I guess he's not here today.
19    And that's all, Judge.  It is my understanding that
20  those matters have been ruled upon, and that that was not a
21  matter for consideration as an aggravating factor with the
22  Court.
23    THE COURT:  The only aggravating factor that was
24  included -- we started at paragraph 28 with a base offense
25  level of 32.  Two levels are raised there, and -- based on the

```
 1  possession of a firearm.
 2              MR. ROMO:  Yes, sir.
 3              THE COURT:  And so that was sustained as to
 4  Mr. -- Mr. Bonilla-Guizar in his case.  And that has been
 5  included here.
 6              MR. ROMO:  Yes, sir.
 7              THE COURT:  I don't -- we discussed that at the last
 8  hearing.  The statement states that there's a two-level
 9  increase applied as to the preponderance of the evidence
10  established Calixtro-Bustamante brandished or displayed a
11  firearm.  I don't think that that necessarily is the law.  I
12  believe if he possessed it, then I don't think there's any
13  requirement that it be brandished, other than the fact that he
14  possessed a firearm in commission of the offense.
15              Mr. Evans, is that your recollection of what that was?
16              MR. EVANS:  Yes, Your Honor.
17              THE COURT:  All right. And so that -- in this case
18  it's clear that there's -- there was testimony by
19  Mr. Lopez-Trujillo at trial under oath that
20  Mr. Calixtro-Bustamante and Mr. Bonilla-Guizar both possessed a
21  firearm.  At certain points he said the firearm was pointed at
22  him and so forth.
23              But there's clear evidence that there was -- a firearm
24  was possessed, and fairly strong evidence it was brandished.
25              But at any rate, the Court finds that two-level upward
```

```
 1   adjustment is appropriate.
 2           So based on that, there has been no adjustment for
 3   acceptance of responsibility since he did go to trial and made
 4   no statement to the probation officer, probably in view of the
 5   fact that there's going to be an appeal in this case.
 6           So the total offense level is 34.
 7           At 34, Criminal History Category IV, the Guideline
 8   provides for incarceration of 210 to 262 months on counts -- in
 9   this case.
10           There is also a supervised release term of three to
11   five years.  And probation has not authorized a fine of 17,500
12   to $175,000.
13           Restitution is mandatory and authorized.  However, I
14   don't believe we received any information at this point about
15   any amount of restitution.  So at this point the Court would
16   not have sufficient information to impose restitution.
17   Although that is a possibility, and that remains open for 90
18   days after today's sentencing.
19           MR. ROMO:  Thank you, Your Honor.
20           THE COURT:  Mr. Romo, is there anything that you wish
21   to state on behalf of Mr. Calixtro-Bustamante before he is
22   sentenced?
23           MR. ROMO:  Yes, Your Honor.
24           Well, Your Honor, first of all, this is a young man,
25   and he has a family, has five children, all of whom are
```

1  citizens of the United States.  He has a common law wife who
2  resides here in Arizona.  I shouldn't say that, Judge, he has a
3  paramour that resides here in Arizona.  He is married to a
4  person with whom he has four children.
5          Some of his family is here in the courtroom.
6          There is no question, Judge, that my client did wrong.
7  And there is no question that the wrong deserves -- is
8  deserving of punishment.
9          There is also no question that he is very sorry and
10 repentant of what he has done.  The consequences to his life
11 and the consequences to his family are enormous.  He will have
12 to spend a great deal of his life behind bars.
13         We are, Your Honor, asking for consideration with the
14 utmost humility, and that you give him the least number of
15 years incarceration, which is a considerable number of years,
16 Judge, a lot of time.
17         That's all, Your Honor.
18         THE COURT:  Mr. Calixtro-Bustamante, is there anything
19 that you want to say this morning before I sentence you?
20         THE DEFENDANT:  I feel so sorry, Your Honor.
21         THE COURT:  Thank you.
22         Mr. Evans?
23         MR. EVANS:  Your Honor, he probably said he was so
24 sorry when he went into state prison.
25         His criminal history -- it's not his words, it's his

1   actions.  And his criminal history speaks to his future.
2           I'll leave it to the Court's discretion.
3           THE COURT:  Thank you.
4           Well, this is a difficult sentencing case because as
5   to the codefendant, who seemed to be somewhat more culpable
6   than this defendant, although they were very close in their
7   culpability, had -- has a Criminal History Category I.
8   Mr. Calixtro Bustamante, who is somewhat less culpable, has a
9   Criminal History Category IV.
10          And trying to come up with a sentence that would be
11  appropriate in this case -- I -- I sentenced Mr. Bonilla-Guizar
12  to 15 years and eight months, I believe, 188 months.
13          Is that correct?
14          MR. ROMO:  Yes.
15          MR. EVANS:  Yes, Your Honor.
16          THE COURT:  And it seems that although he does have a
17  greater criminal history, that an appropriate sentence in this
18  case would be the same sentence that the codefendant
19  Bonilla-Guizar received.  Guizar seemed to be, as I said, a
20  little bit more culpable from the information in the
21  presentence report.  Mr. Bonilla-Guizar also had the Criminal
22  History Category I.
23          The issue with Bonilla-Guizar, I think, was the fact
24  that there was some evidence that he had some connection to the
25  people in Mexico that were actually where they started with

```
 1   the -- with this process of bringing aliens into the country.
 2           Well, the Court, in reviewing the -- and the Court has
 3   reviewed the recommendations of Probation of a sentence of 260
 4   months on Counts 1 and 2, and 240 months on Count 3, all of
 5   them to be served concurrently.
 6           But I think that that sentence, given the sentence I
 7   gave the codefendant, is inappropriate in this case.  And the
 8   Court thinks that a sentence outside of the advisory guidelines
 9   would be appropriate under Section 3553(a)(1) and other
10   subsections.
11           Clearly this is -- these offenses were extremely
12   serious.  The criminal history of this defendant is serious,
13   Criminal History Category IV.
14           But on the other hand, it seems that to sentence him
15   higher than a person who was probably a little bit higher up
16   the chain than he was, would amount to an -- an unwarranted
17   sentencing disparity among defendants.
18           So I'm going to give the same sentence.  I believe the
19   same sentence is appropriate in this case, as to both
20   defendants.  And the sentence would be by variance outside of
21   the advisory guidelines under section -- Title 18 United States
22   Code Section 3553(a)(1) and other subsections.
23           The Court believes that that sentence would reflect
24   the seriousness of the offense, would promote respect for the
25   law and provide just punishment for the offense.
```

1              Further, a 15-and-a-half year sentence is clearly
2   enough to deter further criminal conduct by this individual and
3   to protect the public from further crimes from this defendant.
4   So the Court feels that -- and it would also avoid unwarranted
5   sentencing disparities.
6              So that is what the Court proposes to do this morning.
7              Mr. Romo, is there anything further you wish to state
8   before I sentence Mr. --
9              MR. ROMO:  No, Your Honor.
10             THE COURT:  -- Calixtro-Bustamante?
11             MR. ROMO:  I just would ask you to recommend that he
12  serve his sentence in Arizona.
13             THE COURT:  Very well.
14             Mr. Evans, anything further?
15             MR. EVANS:  No, Your Honor.
16             THE COURT:  All right.  Thank you.
17             It is the judgment and the sentence of the Court that
18  Carlos Armando Calixtro-Bustamante is committed to the custody
19  of the Bureau of Prisons for a period of 188 months.  That
20  would be 188 months on each count, to be served concurrently.
21             So that would be 188 months on Counts 1, 2 and 3, all
22  to be served concurrently.
23             You shall pay a special assessment of $300, which
24  shall be due immediately.  Payments shall begin under the
25  Bureau of Prisons Inmate Financial Responsibility Program.

1       The defendant -- if there is an amount of restitution
2   that is determined, the defendant will be ordered to pay that
3   restitution.  The claim for restitution and documentation shall
4   be filed no more than 90 days from today's date.
5       Payment on the special assessment of $300, which is
6   $100 per count for a total of $300, will be made pursuant to
7   the Bureau of Prisons Inmate Financial Responsibility Program.
8       Upon release from imprisonment he shall be placed on
9   supervised release for five years on Count 1 and Count 2, and
10  three years on Count 3, to run currently, for a total
11  supervised release term of five years.
12      While on supervised release the defendant shall comply
13  with the standard conditions of supervision adopted by the
14  Court in General Order 05-36.  Including the condition that he
15  not commit any federal, state or local crime during the term of
16  his supervision.
17      He shall abstain from all use of illicit substances.
18      Further, that if deported he shall not reenter the
19  United States without legal authorization.
20      Mr. Calixtro-Bustamante, did you understand the
21  sentence that I have imposed on you, which is 188 months of
22  incarceration?
23      THE DEFENDANT:  Yes, Your Honor.
24      THE COURT:  Now when you complete that sentence,
25  you'll also be on supervised release for five years.  If you

```
 1   violate any condition of your supervised release, you could be
 2   brought back before me and be sentenced up to five years for
 3   your violation of the supervised release terms.
 4           Do you understand that?
 5           THE DEFENDANT:  Yes, Your Honor.
 6           THE COURT:  Also, if you are deported from the United
 7   States, which is very likely, you can't come back here again
 8   because you've been convicted of a crime of violence, and
 9   because you've been convicted of transporting aliens.  And if
10   you come back again, you face a maximum sentence of up to 20
11   years in prison just for crossing the border.
12           Do you understand that?
13           THE DEFENDANT:  Yes, Your Honor.
14           THE COURT:  You have the right to appeal the sentence
15   I've imposed on you.  You have 14 days in which to file your
16   notice of appeal.  If you do not file that notice within 14
17   days you lose your right to appeal.
18           Your appeal will be at no cost to you, and your
19   attorney would continue to represent you at no cost to you.
20           Are you appointed or retained, Mr. Romo?
21           MR. ROMO:  Your Honor, I was retained.  I was going to
22   ask you to relieve me of that duty.
23           THE COURT:  Very well.
24           Then if you wish to have an attorney appointed to
25   represent you, you don't have the funds with which to hire an
```

```
 1   attorney, you can ask that an attorney be appointed to
 2   represent you and one will be appointed at no cost to you.
 3           Do you understand that?
 4           THE DEFENDANT:  Yes, Your Honor.
 5           THE COURT:  And if you decide to appeal, once Mr. Romo
 6   files the notice of appeal, and you will be then -- Mr. Romo
 7   will be excused from any further responsibility on this case.
 8           If you decide not to appeal, then that's not of any
 9   issue then at that point.
10           But that's -- that's a right that you have, something
11   you need to discuss with your attorney to see how you proceed
12   on that.  Do you understand that?
13           THE DEFENDANT:  Yes, Your Honor.
14           THE COURT:  I believe all the remaining counts were
15   dismissed previously.  But if they were not, the Court orders
16   any remaining counts still pending be ordered dismissed as to
17   defendant Calixtro-Bustamante.
18           It's the recommendation of the Court to the Bureau of
19   Prisons that he be designated to serve his sentence at a
20   federal institution within the state of Arizona.
21           Mr. Romo, anything further at this time?
22           MR. ROMO:  No, Your Honor.  Thank you.
23           THE COURT:  And Mr. Calixtro-Bustamante, anything
24   further?
25           THE DEFENDANT:  Yes, Your Honor.
```

```
1          THE COURT:  Anything else, any questions?
2          THE DEFENDANT:  Thank you, Your Honor.
3          THE COURT:  Mr. Evans?
4          MR. EVANS:  Nothing further.  Thank you very much,
5    Your Honor.
6          THE COURT:  Thank you.
7          You may be excused.
8
9                         -oOo-
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1
2
3
4
5
6                          C E R T I F I C A T E
7
8          I, CANDY L. POTTER, court-approved transcriber,
9  certify that the foregoing is a correct transcript from the
10 official electronic sound recording of the proceedings in the
11 above-entitled matter.
12
13         DATED at Phoenix, Arizona, this 2nd day of December,
14 2011.
15
16
17
18
                                        s/Candy L. Potter__
19                                      Candy L. Potter
20
21
22
23
24
25